UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENTAIS C. HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   16-CV-1157 |
| | ) |
| MCLEAN COUNTY DETENTION FACILITY and OFFICER T. BOYLE, et al. | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his detention in the McLean County Detention Facility. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. [1]

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

    Plaintiff alleges that he was booked into the McLean County Jail on a residential burglary charge on April 27, 2016.  Officer Boyle instructed Plaintiff to go to the restroom and change into a jump suit.  Officer Boyle followed Plaintiff into the restroom and told Plaintiff, "'I need to look up your keyster' in a joking manner." (Complaint.)  Plaintiff thought Officer Boyle was kidding until Officer Boyle donned gloves and told Plaintiff to "drop 'em."  Id. Officer Boyle "then began to make personal jokes about [Plaintiff's] body, saying, 'Are you sure you're black?' which made [Plaintiff] completely uncomfortable."  Id.  Plaintiff did not give his consent to the strip search nor was there a warrant or probable cause for the strip search.

    A jail policy of strip searching detainees is constitutional if the detainees are joining the jail's general population and the policy is applied uniformly to all detainees joining the general population. *See* Fonder v. Kankakee County, 2016 WL 3027698 (7th Cir. 2016)(*discussing* Florence v. Burlington County, 132 S.Ct. 1510 (2012).  The justification is to ensure that no contraband is

smuggled into the jail.  Id.  However, the strip searches cannot be conducted in a way that is unnecessarily degrading or demeaning, for example, by groping a detainee's private areas for an officer's sexual gratification, unnecessarily touching the detainee's unclothed body, or intentionally humiliating or degrading the detainee for no legitimate penological purpose.  See Florence v. Burlington County, 132 S.Ct. 1510 (2012)(strip searching detainees before they entered jail's general population was constitutional were the detainee's unclothed body was not touched); Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012)(trial necessary to resolve whether guard touched inmate's private parts during search to humiliate inmate or to gratify guard's sexual desires); Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(several guards observed strip search, laughing at the inmate, making "sexually ribald comments," making inmate perform "provocative acts," and "point[ing] their stick towards his anal area" when inmate bent over).

Plaintiff recounts only one unprofessional remark by Officer Boyle during the search—"Are you sure you're black?"  While the Court does not condone this remark, Plaintiff seems more focused

on the fact that a strip search was conducted at all, rather than the manner in which the strip search was conducted.  Plaintiff will be given leave to file an amended complaint to describe the strip search in more detail.

**IT IS ORDERED:**

1)  Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2)  Plaintiff may file an amended complaint by July 7, 2016.  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

ENTERED:  **6/15/2016**

FOR THE COURT:

                                      **s/James E. Shadid**
                                      JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE